UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re THOMAS HORNY
And NORMA HORNY,

      Debtors,

THOMAS W. MCDONALD, JR.,

      Appellant,

v.

CREDIT ACCEPTANCE CO.,

      Appellee.
_____ /.

Case Number 11-12508-BC (Appeal)
Honorable Thomas L. Ludington

Bankruptcy Case Number 11-20024

**ORDER DENYING MOTION FOR INDICATIVE RULING**

This bankruptcy appeal presented the question of how far upwards the rate of "cram down" interest may be raised above the prime rate in a Chapter 13 proceeding. The bankruptcy trustee appealed the bankruptcy court's decision to increase the interest rate about twelve percent over prime, contending that the plurality opinion in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2003), imposes a fixed ceiling at three percent over prime. This Court concluded that *Till*'s "prime-plus" formula does not proscribe an interest rate higher than three percent over prime if such a rate is necessary to account for the risk of nonpayment and is not too high for the plan to succeed. Accordingly, on December 21, 2011, the bankruptcy court's decision was affirmed. *In re Horny*, No. 11–12508–BC, 2011 WL 6643074 (E.D. Mich. Dec. 21, 2011).

On January 9, 2012, the bankruptcy trustee filed a notice of appeal to the Sixth Circuit. About three months passed. On March 29, 2012, the bankruptcy trustee and the creditor filed the "joint motion for indicative ruling" now before the Court. ECF No. 18. The parties explain:

"During the course of this appeal, Debtors proved unable to fund their Chapter 13 Plan and moved for conversion to Chapter 7. That motion was granted on March 6, 2012. One of the first actions in the Chapter 7 case was for [the creditor] to obtain relief from the automatic stay." Citing Federal Rule of Civil Procedure 62.1, the parties "request an indicative ruling that the Court will, upon remand from the Sixth Circuit Court of Appeals, vacate its ruling in this matter as moot."

As the parties have not filed a motion to vacate (pursuant to Rule 60(b), for example), however, the Court cannot indicate how it would address a nonexistent motion. Rule 62.1 provides in pertinent part:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). First enacted in 2009, the rule thus provides that if a party files a motion for relief from judgment that the trial court lacks the authority to grant because the case is on appeal, the trial court has four options. It can defer ruling on the motion, deny the motion, indicate that it would grant the motion, or indicate that the motion raises a substantial issue. The advisory committee notes elaborate:

> This new rule adopts for any motion that the district court cannot grant because of a pending appeal[,] the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1 advisory committee's note; *see generally* 11 Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 2911 (Supp. 2011) (discussing Rule 62.1).

The operation of the rule is illustrated by *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119 (N.D. Cal. 2011), *aff'd sub nom Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012). In *Perry*, same-sex couples challenged "a California constitutional provision that redefined marriage in California solely to encompass a union between one man and one woman." 790 F. Supp. 2d at 1121. The plaintiffs argued that the provision, known as Proposition 8, violated their rights under the federal Constitution. *Id*. The government-defendants refused to defend the provision. The official proponents of Proposition 8, however, intervened to defend its constitutionality. At the conclusion of the bench trial, the Honorable Vaughn R. Walker entered judgment for the plaintiffs and enjoined enforcement of the provision. *Id*. The defendant-intervenors appealed to the Ninth Circuit. While the appeal was pending, Judge Vaughn retired. *Id*. "After he had retired, and while the appeal was pending, a newspaper article reported that Judge Walker shared that he is gay and that he was in a same-sex relationship at the time when he was presiding over this case." *Id*. The defendant-intervenors then moved to vacate the judgment pursuant to Rule 60(b), arguing that "Judge Walker was disqualified from presiding over the case because his same-sex relationship was, or reasonably appeared to be, a non-pecuniary interest that could be substantially affected by the outcome of the case." *Id*. Addressing the issue, the court (the Honorable James Ware presiding) first noted:

> Fed. R. Civ. P. 60(b) prescribes the grounds for moving to vacate a district court judgment. A permissible ground for moving to vacate a judgment is that the district court judge who presided over the case was disqualified. Once an appeal from a judgment is filed, the district court is ousted of jurisdiction to take certain actions. However, Fed. R. Civ. P. 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because an appeal that has been docketed and is pending, the [district] court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if

> the court of appeals remands for that purpose or that the motion raises a substantial issue." Therefore, notwithstanding the pending appeal of the Judgment, the Court has jurisdiction to hear this Motion.

*Id.* at 1122–23 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862–63(1988); *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007)).[1]

In this case, unlike in *Perry*, there is no pending motion to vacate the judgment pursuant to Rule 60(b). Rather, the parties have simply filed the motion for an indicative ruling. As noted, the Court cannot indicate whether it would grant a motion that has not been filed.

It is possible that the parties intended the motion for an indicative ruling to implicitly include a motion to vacate pursuant to Rule 60(b), although they cite this rule nowhere in their papers. If this was their intent, however, they have not offered any legal authority for the Court to vacate a judgment as moot because of changed circumstances.

The two cases cited in the parties' papers address a different question — specifically, the authority of the appellate court in which the case is pending to vacate the judgment of the court below as moot. Neither case addresses the authority of the trial court to moot the case based on changed circumstances.

The first case cited by the parties, *Fialka-Feldman v. Oakland University Board of Trustees*, 639 F.3d 711 (6th Cir. 2011), stands for the unremarkable proposition that when a case becomes moot while on appeal, the established practice of the court of appeals "is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id.* at 716 (quoting *Coal. for*

---

[1] The court went on to deny the defendant-intervenors' motion to vacate, observing that "the mere fact that a judge is in a relationship with another person — whether of the same or the opposite sex — does *not ipso facto* imply that the judge must be so interested in marrying that person that he would be unable to exhibit the impartiality which, it is presumed, all federal judges maintain." *Id.* at 1131. The court continued: "The presumption that Judge Walker, by virtue of being in a same-sex relationship, had a desire to be married that rendered him incapable of making an impartial decision, is as warrantless as the presumption that a female judge is incapable of being impartial in a case in which women seek legal relief. On the contrary: it is reasonable to presume that a female judge or a judge in a same-sex relationship is capable of rising above any personal predisposition and deciding such a case on the merits." *Id.* at 1133.

*Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 484–85 (6th Cir. 2004)). If the parties seek relief based on this principle, their remedy is held by the Sixth Circuit, not this Court.

Similarly, the second case cited by the parties, *United States v. Musingwear, Inc.*, 340 U.S. 36 (1950), demonstrates that the same principle applies in the Supreme Court — "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id*. at 39. Again, if the parties seek relief based on this principle, their remedy is held by the appellate court in which the case is pending, not this Court.

This is not to suggest that the parties cannot bring a motion to vacate the judgment pursuant to Rule 60(b) on the facts of this case. Simply that they have not. Should they wish to do so, however, legal authority for the relief they seek is required. Because there is no pending motion for relief from judgment, the motion for indicative ruling will be denied.

Accordingly, it is **ORDERED** that the joint motion for indicative ruling (ECF No. 18) is **DENIED WITHOUT PREJUDICE**.

Dated: April 13, 2012

> /s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---